MEMORANDUM OPINION
{¶ 1} On March 12, 2009, appellant, Victor A. Zolotarevsky, pro se, filed a notice of appeal from an Ashtabula County Court of Common Pleas judgment entry dated February 27, 2009. In that entry, the trial court granted the motion for summary judgment of appellee, Deborah Ann Green. *Page 2 
 {¶ 2} The Ohio Legislature in R.C. 2505.02(B) has set forth six categories of a "final order" for purposes of the constitutional provision, and if a trial court's judgment satisfies any of the categories, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals.
 {¶ 3} R.C. 2505.02(B) states that:
 {¶ 4} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 7} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 11} "(5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 12} (6) An order determining the constitutionality of any changes to the Revised Code * * *." *Page 3 
 {¶ 13} In the instant matter, the trial court granted summary judgment in favor of appellee, but there are claims still pending against Defendants, Ronald E. Barnett and Janet Barnett. Therefore, the trial court's February 27, 2009 judgment entry is not a final appealable order pursuant to R.C. 2505.02(B) at this time because other claims are still pending. Furthermore, the February 27, 2009 order did not contain Civ. R. 54(B) language, which provides:
 {¶ 14} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 15} Here, since all the claims have not been determined and the trial court did not use Civ. R. 54(B) language in its entry, there is no final appealable order at this time.
 {¶ 16} Based upon the foregoing analysis, this appeal is dismissed, sua sponte, due to lack of a final appealable order.
 {¶ 17} Appeal dismissed.
TIMOTHY P. CANNON, J., concurs, *Page 4 
COLLEEN MARY O'TOOLE, J., concurs in judgment only. *Page 1